UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KEIRTON USA, INC., a Washington Corporation,<br><br>Plaintiff,<br><br>v.<br><br>U.S. CUSTOMS AND BORDER PROTECTION, a federal agency,<br><br>Defendant. | Case No.:<br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

## I. INTRODUCTION

COMES NOW Plaintiffs Keirton USA, Inc., by and through its counsel in this matter, Buchalter, a Professional Corporation, and brings this action for declaratory and injunctive relief against Defendant U.S. Customs and Border Protection, alleging as follows:

## II. PARTIES

1. Keirton USA, Inc. ("Keirton" or "Plaintiff") is a Washington Corporation with its principal place of business in Ferndale, Washington.

2. U.S. Customs and Border Protection ("CBP" or "Defendant") is a federal agency.

COMPLAINT FOR DECLARATIVE AND INJUNCTIVE RELIEF - 1
CASE NO. _____

BUCHALTER
1420 FIFTH AVE., SUITE 3100
SEATTLE, WA 98101-1337
PH: 206.319.7052

## III. JURISDICTION AND VENUE

3. Jurisdiction is proper as the claims arise out of federal statutes 19 USC § 1595a(c)(2)(A), 21 USC § 863(a)(3), and 21 USC § 863(d), and Defendant is a federal agency. This court also has original jurisdiction over the seizures pursuant to 28 USC § 1356. This court also has jurisdiction pursuant to 28 USC § 2201 and 28 § USC 1367. The United States has waived sovereign immunity pursuant to 5 U.S.C. § 702 for actions seeking other than monetary relief.

4. Venue is proper pursuant to 28 USC § 1391 as Plaintiff is a corporation located in the State of Washington and does business in the State of Washington, and the property at issue is currently being held by U.S. Customs and Border Protection in Blaine, Washington and Seattle, Washington.

## IV. FACTS

5. Keirton is a Washington company with its manufacturing base located in Ferndale, Washington. Keirton develops and builds agricultural equipment used to process hemp, kale, hops and other farm goods. It manufactures and imports parts and components as well as finished equipment from British Columbia, Canada, China, Taiwan and Japan to its location in Ferndale, Washington.

6. Keirton's finished equipment, parts and components are used for agricultural purposes, including processing hemp, kale, hops, and other farm goods. Finished equipment includes a Twister Trimmer, which has two components.  The first is the trimmer which separates branches from leaves and crop heads and the second, a vacuum, which vacuums up the  waste generated from the agricultural processing (the "Twister Trimmer" or collectively

COMPLAINT FOR DECLARATIVE AND INJUNCTIVE RELIEF - 2
CASE NO. _____

BUCHALTER
1420 FIFTH AVE., SUITE 3100
SEATTLE, WA 98101-1337
PH: 206.319.7052

the "Goods"). The Goods are then shipped to other unrelated businesses.

7. Keirton has taken appropriate steps to ensure that its Goods are used only for lawful purposes. Keirton has agreements with its customers that they will not sell Keirton's products or equipment to anyone who may seem to be engaged in or intends to engage in illegal activity. The agreements also state Keirton will not put products or equipment in any materials that would be construed, either by content or placement, as soliciting the business of persons engaged in or intending to engage in illegal activity.

8. Keirton has been successfully operating in Ferndale, Washington since approximately 2017, importing goods into the United States hundreds of times. Prior to May 2020, Keirton had only one other shipment seized by CBP for a shipment to Canada from a Washington port in 2012.

9. In 2012, CBP unlawfully detained and subsequently seized a shipment being imported by Keirton – a Twister Trimmer, on the basis that these constituted "drug paraphernalia."

10. Through a non-confidential settlement agreement, CBP released the vacuum part of the Goods but kept the trimming component, which another governmental agency sold to U.S. consumers through an online auction in Florida —confirming the Goods were not "drug paraphernalia."

11. CBP also verbally promised Keirton it would not seize any more like-kind Goods/equipment (which, of course, would include discreet subparts contained in that Goods it returned and sold). From 2012 through 2019, CBP kept its promise and did not engage in any further illegal seizures of vacuums, trimmers and discreet subparts/components until

COMPLAINT FOR DECLARATIVE AND INJUNCTIVE RELIEF - 3
CASE NO. _____

BUCHALTER
1420 FIFTH AVE., SUITE 3100
SEATTLE, WA 98101-1337
PH: 206.319.7052

2020. This is represented in the following chart:

| Year | Seizure(s) | Number of Seizures |
|---|---|---|
| 2012 | X | 1[1] |
| 2013 | | 0 |
| 2014 | | 0 |
| 2015 | | 0 |
| 2016 | | 0 |
| 2017 | | 0 |
| 2018[2] | | 0 |
| 2019 | | 0 |
| 2020 | X | 26 (in the past 45 days) |

12. Since 2012, Keirton has reasonably relied on CBP's promise not to seize components, to its detriment.

13. Then, in the summer of 2020, CBP broke its promise and began seizing components that Keirton uses to make its vacuums and trimmers (all are discreet subparts associated with one or the other), to wit:

    a)    102 2HP Collectors/ T2-LC;

    b)    1 HP Collectors/ T4-LC;

    c)    2 HP Motors/ Class E;

    d)    71 2HP Collectors/ T2-LC;

    e)    1 HP Collectors/ T4-LC;

    f)    400 Grips for Handle/ 133MM/L;

    g)    9 2HP Collectors/ T2-LC;

---

[1] CBP asserted the vacuum and trimmer detained and seized were "drug paraphernalia." The government's own actions proved this assertion was "false," as it returned the vacuum part, and another governmental agency in Florida auctioned the trimmer to the general public. Further, CBP promised it would not detain or seize like-kind Goods again.

[2] The Farm Bill was passed in 2018, legalizing hemp.

COMPLAINT FOR DECLARATIVE AND INJUNCTIVE RELIEF - 4
CASE NO. _____

BUCHALTER
1420 FIFTH AVE., SUITE 3100
SEATTLE, WA 98101-1337
PH: 206.319.7052

      h)    25 2HP Vacuum Separators/ CS-12 E;

      i)    25 2HP Collectors/ T2-LC-E;

      j)    88 1-1/2HP Vacuum Separators/ CS-12;

      k)    74 1HP Collectors/ T4-LC;

      l)    40 Aluminum Impellers;

      m)    17 T2-LC;

      n)    5 2HP Motors;

      o)    37 CS-18; and

      p)    75 T6-LC.

14. Specifically, on October 7, 2020, two shipments of Keirton's Goods were seized by CBP agents and subject to forfeiture under the provision of 19 USC § 1595a(c)(2)(A), 21 USC § 863(a)(3), and 21 USC § 863(d). The Goods were detained with CBP claiming, without evidence, that the Goods would be used for an unlawful purpose (assumed again it would once again, eight years late, mischaracterize the Goods as "drug paraphernalia").

15. On October 15, 2020, an additional shipment of Keirton's goods was seized by CBP and subject to forfeiture under the provision of 19 USC § 1595a(c)(2)(A), 21 USC § 863(a)(3), and 21 USC § 863(d).

16. On November 11, 2020, an addition shipment of Keirton's goods was seized by CBP and subject to forfeiture under the provision of 19 USC § 1595a(c)(2)(A), 21 USC § 863(a)(3), and 21 USC § 863(d).

17. Three Notices of Seizure were issued October 26, 2020, and an additional

COMPLAINT FOR DECLARATIVE AND INJUNCTIVE RELIEF - 5
CASE NO. _____

BUCHALTER
1420 FIFTH AVE., SUITE 3100
SEATTLE, WA 98101-1337
PH: 206.319.7052

Notice of Seizure was issued on November 17, 2020. The Notices of Seizure are attached hereto as Exhibits A, B, C and D.

18. In CBP case number 2021300100000401, the seized Goods consisted of discreet subparts of Keirton's Twister Trimmer. The appraised domestic value of the property seized by CBP on October 7, 2020, was estimated by CBP to be $239,574.00.

19. In CBP case number 2021300100000501, the seized Goods consisted of discreet subparts of Keirton's Twister Trimmer. The appraised domestic value of the property seized by CBP on October 7, 2020, was estimated by CBP to be $245,727.08.

20. In CBP case number 2021300100001001, the seized Goods consisted of discreet subparts of Keirton's Twister Trimmer. The appraised domestic value of the property seized by CBP on October 15, 2020, was estimated by CBP to be $142,552.00.

21. In CBP case number 2021300100003101, the seized Goods consisted of discreet subparts of Keirton's Twister Trimmer. The appraised domestic value of the property seized by CBP on November 11, 2020, was estimated by CBP to be $159,396.00.

22. Keirton currently has twenty-two other shipments that have been detained by CBP for which Keirton has not received notices of seizure: seven in Blaine, Washington, three in Seattle, Washington, and twelve in Memphis, Tennessee. Keirton estimates the value of this property (discreet subparts of the Twister Trimmer) to be approximately $300,000.

23. Keirton has over 100 employees with 45 employees at its Ferndale, Washington, location. Keirton's viability as a business and employer is dependent on its ability to import goods. Keirton's seized Goods have currently been held for more than one month. Without the ability to import Goods, Keirton will soon have to lay off all of its

COMPLAINT FOR DECLARATIVE AND INJUNCTIVE RELIEF - 6
CASE NO. _____

BUCHALTER
1420 FIFTH AVE., SUITE 3100
SEATTLE, WA 98101-1337
PH: 206.319.7052

employees and close the business permanently.

## V. CAUSES OF ACTION

### DECLARATORY RELIEF

**(Count One)**

24. Keirton re-alleges all prior allegations contained in the previous paragraphs as if set forth in full herein.

25. A ripe and justiciable controversy exists with regard to the circumstances and legality of CBP's seizures of Plaintiff's Goods.

26. The Plaintiff's Goods are legal under applicable law. This is confirmed by the conduct of the CBP in 2012, when it returned and detained/seized the vacuum portion of the Twister Trimmer and then auctioned off to the public the trimming portion of the Twister Trimmer.

27. CBP's actions in indiscriminately seizing all Goods imported by Keirton without regard to the definition of drug paraphernalia in the 21 USC 863(d) and evidence of lawful end users is evidence that these illegal and improper seizures are likely to continue in the future.

28. As a result of the acts described in the preceding paragraphs, there exists a controversy of sufficient immediacy to warrant the issuance of a declaratory judgment that Keirton's Goods (its assembled products and component parts) are legal, and are not being introduced contrary to law, and do not constitute "drug paraphernalia" when the manufacture of cannabis is authorized by State law pursuant to Section 863(f)(1).

**(Count Two)**

COMPLAINT FOR DECLARATIVE AND INJUNCTIVE RELIEF - 7
CASE NO. _____

BUCHALTER
1420 FIFTH AVE., SUITE 3100
SEATTLE, WA 98101-1337
PH: 206.319.7052

29. Keirton re-alleges all prior allegations contained in the previous paragraphs as if set forth in full herein.

30. Keirton's products have multiple legal uses, including processing kale, hemp, hops, and other crops requiring separation of the crop from branches. Nonetheless, CBP has seized the goods on the possibility that the component parts could be used in the manufacture of marijuana, which is legal in several states, including Washington State.

31. CBP's seizure of items with multiple legal uses based on the potential that the items could be used in an unlawful manner by an eventual end user, entirely beyond the control of Keirton, is an unsupported and impermissible application of Section 863(d).

32. As a result of the acts described in the preceding paragraphs, there exists a controversy of sufficient immediacy to warrant the issuance of a declaratory judgment that CBP's seizure of Keirton's Goods (its assembled products and component parts) pursuant to Section 863(d) based on potential end users' misuse of the goods is unlawful.

**(Count Three)**

33. Keirton re-alleges all prior allegations contained in the previous paragraphs as if set forth in full herein.

34. CBP promised Keirton it would not seize any more like-kind Goods after the 2012 seizure of Keirton's Twister Trimmer. The government conceded the Twister Trimmer was lawful by auctioning the trimmer portion off to the public and by returning the vacuum portion to Keirton.

35. From 2012 through 2019, CBP kept its promise and did not engage in any further illegal seizures of vacuum and trimmer components.

COMPLAINT FOR DECLARATIVE AND INJUNCTIVE RELIEF - 8
CASE NO. _____

BUCHALTER
1420 FIFTH AVE., SUITE 3100
SEATTLE, WA 98101-1337
PH: 206.319.7052

36. Since 2012, Keirton has reasonably relied on CBP's promise not to seize components, to its detriment.

37. Then, in the summer of 2020, CBP broke its promise and began seizing the precise subparts that Keirton uses to make its Twister Trimmers, as set forth above.

38. Keirton will be irreparably harmed if the government is not forced to keep its promise, return all currently detained and seized Goods, and cease and desist from all further like-kind conduct going forward.

39. As a result of the acts described in the preceding paragraphs, there exists a controversy of sufficient immediacy to warrant the issuance of a declaratory judgment that CBP is estopped, on the basis of promissory estoppel, from detaining and seizing Keirton's Goods based on the promises on which Keirton reasonably relied.

**(Count Four)**

40. Keirton re-alleges all prior allegations contained in the previous paragraphs as if set forth in full herein.

41. Upon information and belief, CBP is seizing Keirton's Goods while goods of like-kind imported by its numerous competitors are not seized. CBP is conducting blanket detention and seizures of Keirton's Goods on the basis that they are being imported by Keirton, in an arbitrary and capricious manner, depriving Keirton of its legal rights.

42. As a result of the acts described in the preceding paragraphs, there exists a controversy of sufficient immediacy to warrant the issuance of a declaratory judgment that CBP's enforcement of Section 863(d) against Keirton is arbitrary, capricious and unconstitutional.

COMPLAINT FOR DECLARATIVE AND INJUNCTIVE RELIEF - 9
CASE NO. _____

BUCHALTER
1420 FIFTH AVE., SUITE 3100
SEATTLE, WA 98101-1337
PH: 206.319.7052

# INJUNCTIVE RELIEF

43. Keirton re-alleges all prior allegations contained in the previous paragraphs as if set forth in full herein.

44. Keirton seeks to import legal Goods for lawful purposes and has taken appropriate steps to ensure its Goods are used for lawful purposes.

45. Keirton is likely to succeed on the merits of its claim because CBP has wrongfully seized Keirton's Goods as "drug paraphernalia," contrary to the statutory definition in 19 USC § 863(d) and exemptions in 19 USC § 863 (f)(1). These seizures were made despite CBP being informed of intended lawful end users, based on speculative unknown end users for which Keirton cannot be held responsible.

46. Keirton will be irreparably harmed by CBP's seizure of $627,853.08 worth of Keirton's Goods currently in CBP custody. CBP has detained an additional $400,000 of Goods, which CBP has indicated will also be seized. Without injunctive relief, these seizures will cause Keirton to shutter its doors by December 31, 2020. It will also cause loss of current and future contracts with customers for delivery of its Twister Trimmers.

47. The balance of the equities tips strongly in Keirton's favor. Keirton will be driven out of business if CBP's seizures stand. Conversely, the government has no interest in preventing the sale of Twister Trimmers, as it put the trimmer component of a Twister Trimmer up for auction to the general public in 2012 after seizing it from Keirton and gave the vacuum component back to Keirton.

48. The public interest will be served by the issuance of an injunction. The public has an interest in preventing agency overreaching, prevent inconsistent agency action, in the

COMPLAINT FOR DECLARATIVE AND INJUNCTIVE RELIEF - 10
CASE NO. _____

BUCHALTER
1420 FIFTH AVE., SUITE 3100
SEATTLE, WA 98101-1337
PH: 206.319.7052

preservation of legally operated businesses that conduct import and export businesses, and in a clear interpretation of the statute and its lawful application.

## VI. PRAYER FOR RELIEF

WHEREFORE, having fully plead, Keirton prays for the following relief:

1. For immediate release of all Goods seized and/or detained by CBP without penalty;

2. An Order enjoining CBP from seizing or detaining Keirton's same or similar Goods, including parts, components and equipment, on the erroneous basis that such Goods constitute "drug paraphernalia;"

3. An Order enjoining CBP from initiating administrative or civil forfeiture proceedings against the seized Goods during the pendency of this action;

4. For declaratory relief stating that Keirton's seized Goods are legal and do not constitute "drug paraphernalia" under 19 USC 863(d);

5. For declaratory relief stating CBP's seizure of Keirton's Goods (its assembled products and component parts) pursuant to Section 863(d) based on potential end users' misuse of the goods is unlawful;

6. For declaratory relief stating that CBP is estopped, on the basis of promissory estoppel, from detaining and seizing Keirton's Goods based on the promises on which Keirton reasonably relied;

7. For declaratory relief stating that CBP's interpretation and enforcement of Section 863(d) against Keirton is arbitrary, capricious and unconstitutional;

8. For an award of its legal fees and costs, as permitted by statue or common law;

COMPLAINT FOR DECLARATIVE AND INJUNCTIVE RELIEF - 11
CASE NO. _____

BUCHALTER
1420 FIFTH AVE., SUITE 3100
SEATTLE, WA 98101-1337
PH: 206.319.7052

and

9. For such other and further relief as this Court deems just and equitable.

Dated: November 23, 2020

BUCHALTER

By: */s/ Brad P. Thoreson*
Brad P. Thoreson, WSBA #18190
Email: bthoreson@buchalter.com

By: */s/ Hal E. Snow, Jr.*
Harold (Hal) E. Snow, Jr., WSBA #32645
Email: hsnow@buchalter.com

1420 Fifth Avenue, Suite 3100
Seattle, WA 98101-1337
Telephone: 206.319.7052

*Attorneys for Plaintiff Keirton USA, Inc.*

BN 42703185v1

COMPLAINT FOR DECLARATIVE AND INJUNCTIVE RELIEF - 12
CASE NO. _____

BUCHALTER
1420 FIFTH AVE., SUITE 3100
SEATTLE, WA 98101-1337
PH: 206.319.7052